## T. R. Hume *v.* Lee Jake White's G'd'n.

**Sheriff—Liability for Money Collected.**

The sheriff and his bondsmen are liable for money collected by virtue of a writ placed in his hands with the penalty for failure provided by the statute, but when he collects money not upon a writ he and his sureties cannot become liable for a penalty by his failure to pay the money over. He is only liable for the money withheld.

APPEAL FROM MADISON CIRCUIT COURT.

March 24, 1876.

OPINION BY JUDGE PRYOR:

There can be no question but that the sureties of the sheriff are liable for the amount of appellee's debt and interest, as the sheriff had collected more than the amount from the sale of the attached property. He sold the goods in his official capacity, and as such collected the proceeds. Sec. 239 of the Code makes the sheriff liable for the proceeds of attached property collected by him. We are, however, inclined to the opinion that neither the sureties nor the sheriff were liable for the fifteen per cent. and attorney's fees, upon the facts of this case, for failing to pay over money on demand received by the sheriff on any writ of execution or other process as provided by Sec. 4, of Act 17, General Statutes. The sheriff did not collect this money by virtue of any writ or process in his hands. He had no such writ or any process by which he could have coerced payment in the event the debtor refused to pay.

If the debtor had failed to pay in this case, the sheriff would have been powerless to collect, nor would he have been liable for a failure to collect, as he had no means of enforcing the payment. Although he is liable as sheriff, his position with reference to the debt and debtor was more in the nature of a receiver than sheriff. The money was not collected under execution nor under the attachment, as that writ had discharged its functions. The fifteen per cent. interest can be added when the sheriff has a writ or other process in his hands by which he is enabled to coerce the payment of money in the event of a refusal to pay, by virtue of which he made the collection. The allowance of fifteen per cent. interest and the attorney's fee was improper.

The judgment for this reason alone is *reversed,* and cause remanded for further proceedings consistent with the opinion.

*A. R. Burman, for appellant. C. J. Bronston, for appellee.*